THE STATE OF MISSOURI EX REL. G. N. BOUGHTON, CURATOR, Appellant, v. JAMES F. TUBB ET AL., Respondents.

St. Louis Court of Appeals, May 4, 1886.

1. APPELLATE PRACTICE—AFFIRMANCE.—An appellate court will affirm a judgment for the defendant, without considering the questions of law raised, where there is no evidence which would support a judgment for the plaintiff.

2. ADMINISTRATION—BONDS—WASTE.—Proof that an administrator received certain trust moneys of which the intestate died possessed and paid them to the persons entitled, without making an inventory thereof, or reporting the matter to the probate court, will not support an action on the administrator's bond.

APPEAL from the Butler County Circuit Court, JOHN G. WEAR, Judge.

*Affirmed.*

GEORGE N. BOUGHTON, for the appellant.

S. M. CHAPMAN, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This was an action upon an administrator's bond. The issues were referred to a referee to take testimony and report, and he reported to the court the testimony taken by him, together with his finding that the plaintiff was not entitled to recover. The court gave judgment in accordance with this finding, and the plaintiff appeals to this court.

Important questions are pressed upon our attention by the defendants, as to whether the action is well brought, considering the state of the administrator's accounts and the existence of an adequate remedy in the probate court; and as to whether, waiving all other

questions, the judgment must not be supported, in view of the fact, as claimed by them, that the defendants succeeded in proving that the administrator had made a final settlement upon the notice, and had paid over the money found in his hands, in compliance with the order of the probate court made thereupon.

We prefer not to enter upon the consideration of these questions, because we think it will be more satisfactory to the parties if we say that, after a careful examination of the evidence reported by the referee, as embodied in the bill of exceptions, we are of opinion that his finding in favor of the defendants, was well warranted. This being a case at law, the referee's finding has the same conclusive effect as the verdict of a jury would have, and we could not, if we were so disposed, set it aside and make or direct a different finding. But we should not be so disposed upon the evidence returned, even if it were a suit in equity. At the close of the plaintiff's case before the referee, he had not made out a right of recovery. The referee might, then, without requiring the defendants to offer any evidence in their exoneration, have reported to the court a finding in their favor. But the evidence given by the defendant fully exonerates the administrator, and makes it very clear that the finding of the referee and the judgment of the court thereupon were right. This evidence shows that among the assets received by the administrator were moneys which his intestate held in trust for Butler county and for certain other persons; that the administrator did not take up his money upon his inventory, but paid it over to the persons to whom it belonged, without the authorization of the probate court. No evidence was offered by the plaintiffs tending to show that this money did not, in fact, belong to the persons to whom the administrator turned it over. This evidence affords no ground whatever for charging the administrator and his sureties for waste or mismanagement of the estate, within the meaning of section 290, Revised Statutes,

which gives an action on the administrator's bond to "any party injured." This money never belonged to the estate of the deceased person in a beneficial sense. These plaintiffs could never have received any portion of it as distributees of the estate. They are, consequently, not "injured" in the sense of the statute, or in any other sense, by the irregularity which the administrator committed in not taking it upon his inventory, getting an order of the probate court for its payment to the persons to whom it belonged. It was, at most, a technical breach of duty, resulting in no injury to them, and, consequently, giving them no right of action in the present form.

This case is analogous to a numerous class of cases where guardians, proceeded against in chancery for an accounting in respect of the estates of their wards, have been allowed credits for moneys expended in the support and education of their wards, although such expenditures were made without the previous authorization of the court which regularly should have been obtained— the courts proceeding upon the view that an honest and faithful guardian should not be made to answer out of his own estate for making expenditure of his ward's money under circumstances in which the court, if applied to, would have authorized the expenditures. So, here, if the administrator had taken the trust moneys upon his inventory, reported them to the probate court as trust moneys and applied to the court for an order to pay them over to the respective persons to whom they belonged, the court would have been bound to make such an order ; and it would be a monstrous perversion of justice to hold the administrator and his sureties liable for his doing, in an irregular way, an act which he was bound to do in some way.

The judgment will be affirmed. It is so ordered. All the judges concur.